THE SCOTT FIRM
A. Baraka Scott (AS 8751)
802 Kent Avenue, Third Floor
Brooklyn, New York 11205
(718) 852-7000 (Telephone)
(718) 852-3302 (Facsimile)
ATTORNEYS FOR PLAINTIFF BARBARA BRYANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARBARA BRYANT, | ) Case No.: 05cv8112 (RCC) |
| | ) |
| Plaintiff, | ) AMENDED COMPLAINT |
| | ) (DEMAND FOR JURY TRIAL) |
| vs. | ) |
| | ) |
| VERIZON COMMUNICATIONS, Inc.; | ) |
| | ) |
| COMMUNICATION WORKERS OF AMERICA | ) |
| | ) |
| LOCAL 1103, (an unincorporated association operating under the laws of New York; and COMMUNICATION WORKERS OF AMERICA. | |
| Defendants. | |

Plaintiff BARBARA BRYANT alleges:

1. Plaintiff is and was at all times mentioned herein a citizen of the State of New York. Plaintiff is African-American, female, and at all times mentioned herein was an employee of Defendant VERIZON COMMUNICATIONS, Inc. and a bona fide, dues-paying member of Defendant COMMUNICATIONS WORKERS OF AMERICA, and Defendant COMMUNICATION WORKERS OF AMERICA LOCAL 1103.  On or about May 31, 2004, plaintiff's employment was wrongfully terminated as hereinafter alleged.

2. Defendant, VERIZON COMMUNICATIONS, Inc. is a corporation incorporated under the laws of the State of Delaware having its principal place of business in the State of New York. Defendant, COMMUNICATIONS WORKERS OF AMERICA ("CWA") is, on information and belief, an unincorporated association operating and doing business as an employee representative organization in the State of New York.  Defendant, COMMUNICATIONS WORKERS OF AMERICA LOCAL 1103 ("LOCAL 1103") is, on information and belief, an unincorporated association operating and doing business as an employee representative organization in the State of New York.

3. The subject matter jurisdiction of this Court over Defendant VERIZON COMMUNICATIONS, Inc. is predicated on Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et.seq.,* which prohibits discrimination in the workplace because of sex, gender, and race.

4. The subject matter jurisdiction of this Court over Defendant CWA is predicated on the status of CWA as the exclusive bargaining representative on behalf of plaintiff, and that for all times mentioned herein CWA breached its duty of fair representation of plaintiff. Plaintiff has fully used and exhausted all of the internal procedures of CWA available and known to her to secure fair representation.

5. The subject matter jurisdiction of this Court over Defendant LOCAL 1103 is predicated on the status of LOCAL 1103 as the exclusive bargaining representative on behalf of plaintiff, and that for all times mentioned herein LOCAL 1103 breached its duty of fair representation of plaintiff.  Plaintiff has fully used and exhausted all of the internal procedures of LOCAL 1103 available and known to her to secure fair representation.

6. Plaintiff additionally asserts pendent State claims of race and gender discrimination under New York State Constitution Article I §11 and New York State Executive Law Section 296, *et.seq.*
7. Plaintiff filed a timely charge of sex discrimination, race discrimination, and retaliation with the Equal Employment Opportunity Commission and has received a right-to-sue letter. Thus, she has exhausted her administrative remedies.
8. Commencing on or about 2000, within the State of New York, Defendant VERIZON'S employees, supervisors, and managerial employees, began a pattern of discrimination and disparate treatment based on plaintiff's race and gender, which included but is not limited to the following: (a) denying plaintiff access to the equipment that is necessary for her to perform her assigned tasks in a satisfactory manner; (b) disregarding plaintiff's seniority rights in the assignment of equipment that is necessary for plaintiff to perform her assigned tasks; (c) assigning plaintiff to work alone in areas known to be dangerous and hazardous, and which customarily requires assignment in pairs.
9. Defendant VERIZON, its employees, supervisors, and managerial agents, have retaliated against plaintiff in violation of 42 U.S.C. §2000e-3(a) by engaging in a course of retaliatory conduct when plaintiff complained of disparate treatment based on her gender and race, and when plaintiff exercised her prerogative to refuse a transfer or early retirement including, but not limited to: (a) filing false and unfounded accusations in plaintiff's personnel file; (b) filing a false and unfounded time infraction in plaintiff's personnel file. This retaliation continued up until the time of plaintiff's termination,

1  carried out by Peter A. Niles, Area Operations Manager, and the Human
2  Resource Department employees of Defendant VERIZON acting within the
3  course and scope of their employment.
4  10.    Defendant VERIZON acted with malice and reckless disregard of
5  plaintiff's rights under federal and state laws prohibiting
6  discrimination in the workplace based on race and gender. Further,
7  Defendant VERIZON'S wrongful conduct was carried out and ratified by a
8  managing agent, or a managing agent of VERIZON had advance knowledge of
9  the wrongful conduct toward plaintiff and ratified that conduct.  As a
10 result of Defendant VERIZON'S conduct, plaintiff is entitled to recover
11 punitive and exemplary damages in an amount commensurate with
12 applicable provisions of federal and state law.
13 11.    Commencing on or about 2000, Defendant CWA breached its duty of
14 fair representation of plaintiff by, but not limited to the following:
15 (a) Ignoring and processing plaintiff's grievances in a perfunctory
16 manner; (b) discriminating against plaintiff because of her race and
17 gender; (c) exhibiting bad faith toward plaintiff in its actions and
18 failure to act on behalf of plaintiff's grievances.
19 12.    Commencing on or about 2000, Defendant LOCAL 1103 breached its
20 duty of fair representation of plaintiff by, but not limited to the
21 following: (a) Ignoring and processing plaintiff's grievances in a
22 perfunctory manner; (b) discriminating against plaintiff because of her
23 race and gender; (c) exhibiting bad faith toward plaintiff in its
24 actions and failure to act on behalf of plaintiff's grievances.
25 13.    Plaintiff herby demands a trial by jury as provided by Rule 38(a)
26 of the Federal Rules of Civil Procedure.

4

WHEREFORE, plaintiff prays for judgment against Defendant VERIZON as follows:

1. For compensatory damages, including loss of wages, promotional opportunities, benefits and other opportunities, benefits and other opportunities of employment, according to proof;
2. For mental and emotional distress damages;
3. For an award of interest, including prejudgment interest, at the legal rate;
4. Equitable relief directing that plaintiff be reinstated to the position of field technician with full seniority all benefits and rights restored;
5. For an award of prevailing party attorneys fees;
6. For punitive and exemplary damages in an amount sufficient to punish and deter defendant's outrageous conduct;
7. For costs of suit incurred herein, and,
8. For such other and further relief as the court deems just and proper.

WHEREFORE, plaintiff prays for judgment against Defendant CWA as follows:

1. An order directing CWA to request reinstatement of plaintiff to the position of field technician;
2. An order directing CWA to process plaintiff's grievance diligently and in good faith;
3. An order directing that CWA make plaintiff economically whole until she is reinstated or has obtained substantially equivalent employment, or until the grievance is processed to a proper conclusion;
4. Such other relief that the Court deems proper.

WHEREFORE, plaintiff prays for judgment against Defendant LOCAL 1103 as follows:

5

1. An order directing LOCAL 1103 to request reinstatement of plaintiff to the position of field technician;

2. An order directing LOCAL 1103 to process plaintiff's grievances diligently and in good faith;

3. An order directing that LOCAL 1103 make plaintiff economically whole until she is reinstated or has obtained substantially equivalent employment, or until the grievance is processed to a proper conclusion;

4. Such other relief that the Court deems proper.

DATED: January 19, 2005
Brooklyn, New York

                                       _____
                                       A. Baraka Scott (AS 8751)
Attorney for Plaintiff Barbara Bryant
802 Kent Avenue
Third Floor
Brooklyn, New York  11205
718.852.7000(p)
718.852.3302(f)

6

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------------------------------X

BARBARA BRYANT,

       Plaintiff,

  against

VERIZON COMMUNICATIONS, COMMUNICATION WORKERS OF AMERICA LOCAL 1103 and COMMUNICATION WORKERS OF AMERICA,

       Defendants.

------------------------------------------------------------------------------------------------X

# AMENDED COMPLAINT

---------------------------------------------------------------------X

THE SCOTT FIRM

802 KENT AVENUE

THIRD FLOOR

BROOKLYN, NEW YORK  11205

718.852.7000(P) 718.852.3302(F)

**VERIFICATION**

**STATE OF NEW YORK    )**
**COUNTY OF KINGS      )**

I, **BARBARA BRYANT**, being duly sworn, deposes and says that I am the plaintiff in the within action; I have read the foregoing verified complaint and know the contents thereof; the contents of the amended complaint are true to my knowledge, except as to those matters I believe to be true upon information and belief.

_____

**BARBARA BRYANT**

Sworn to before me on the
_____ day of _____, 2006

_____
NOTARY PUBLIC

8