UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------------x
                  :

BARBARA BRYANT,                     :  05 Civ. 8112  (CM)
                  :

        Plaintiff,             :

                  :

  - against -             :

                  :

VERIZON COMMUNICATIONS, COMMUNICATIONS   :
WORKERS OF AMERICA  LOCAL 1103 and       :
COMMUNICATIONS WORKERS OF AMERICA,     :

                  :

        Defendants.          :

                  :

---------------------------------------------------------------------------------x

### UNION DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants Communications Workers of America and Local 1103 of the

Communications Workers of America (collectively, "Union Defendants"), by their attorneys,

CWA Legal Department, hereby request that the court give the attached instructions to the jury at

trial in the above-captioned matter.

The Union Defendants reserve the right to submit modified or additional proposed

instructions at the close of evidence if additional factual or legal issues arise during the course of

the trial.

Dated:  January 11, 2008

CWA LEGAL DEPARTMENT


By:_____
      Amy S. Young, Esq.
275 Seventh Avenue, 2300
New York, New York  10001
(212) 419-1550 (voice)
(212) 419-1555 (facsimile)

**INSTRUCTION 1**

**GENERAL INTRODUCTION - PROVINCE OF THE COURT AND JURY**

Members of the Jury, now that you have heard the evidence and the arguments, it becomes my duty to give you the instructions of the Courts as to the law applicable to this case.

It is your duty as jurors to follow the law as I state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts; that is your function.

You must perform your duties as jurors without bias as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences. You will recall that you took an oath promising to do that at the beginning of the trial.

3 Hon. Edward J. Devitt et al., <u>Federal Jury Practice and Instructions</u> § 71.01 (4th Ed. 1987) ("Devitt").

## INSTRUCTION 2

## EVIDENCE IN THE CASE

Statements and arguments of counsel are not evidence in the case.  When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

The Court may take judicial notice of certain facts or events.  When the Court declares it will take judicial notice of some fact or event, the jury must, unless otherwise instructed, accept the Court's declaration as evidence, and regard as proved the fact or event which has been judicially noticed.

Unless you are otherwise instructed, the evidence in the case consists of the following: the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; all facts which may have been admitted or stipulated; and all facts and events which may have been judicially noticed.

Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules.  You should not be influenced by the objection or by the court's ruling on it.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.  If testimony or exhibits have been

received only for a limited purpose, you must follow the limiting instructions I have given.

Anything you may have seen or heard when the court was not in session is not evidence and must be entirely disregarded.

Devitt, § 71.09

**INSTRUCTION 3**

**PREPONDERANCE OF THE EVIDENCE**

The burden is on plaintiff to prove every element essential to each of her claims by a preponderance of the evidence.  If proof should fail to establish a single essential element of any of plaintiff's claims by a preponderance of the evidence, you must find for the defendant as to that claim.

To "establish a fact by a preponderance of the evidence" means to prove that the fact is more likely to be true than not true. In other words, a preponderance of the evidence in the case means evidence that, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the relevant testimony of all witnesses, regardless of who may have called them, and all relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the weight of the evidence tips in favor of the plaintiff, then you must decide the issue in favor of the plaintiff.  On the other hand, if you find that the weight of the evidence is evenly divided between the parties, or that the weight of evidence tips in favor of the defendant, then you must decide in favor of the defendant on that particular claim.  In other words, if the plaintiff proves to you that it is more likely than not that his view of the evidence on any element of his claims is the truth, then you must decide that element in favor the plaintiff.  If the plaintiff does not make the proof tip in his favor, then you must decide that element in favor

of the defendant.

Devitt, § 72.01; <u>Texas Dep't of Community Affairs v. Burdine</u>, 450 U.S. 248, 252, 101 S.Ct.

1089, 1093 (1981).

**INSTRUCTION 4**

**EVIDENCE - DIRECT - INDIRECT OR CIRCUMSTANTIAL**

There are two types of evidence from which you may properly find what the facts are in this case.  One is direct evidence -- such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence -- the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that you find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

Devitt § 72.03

**INSTRUCTION 5**

**"IF YOU FIND" OR "IF YOU DECIDE"**


When I say in these instructions that a party has the burden of proof on any proposition, or I use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.


Devitt § 72.02

# INSTRUCTION 6

## ALL PERSONS EQUAL BEFORE THE LAW

You should consider and decide this case as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation and an unincorporated association such as a labor union are entitled to the same fair trial at your hands as a private individual. All parties here stand equal before the law and are to be dealt with as equals in a court of justice.

Devitt § 71.04

**INSTRUCTION 7**

**CREDIBILITY OF WITNESSES -- DISCREPANCIES IN TESTIMONY**

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the substance of the testimony, the appearance and conduct of the witnesses, the manner in which the witnesses testify, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  Consider each witness's intelligence, motive and state of mind, and demeanor or manner while on the stand.  Consider the witness's ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony.  Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent mistaken recollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.  You may, in short, accept or reject the testimony of any witness in whole or in part.

Devitt § 73.01, as modified.

**INSTRUCTION 8**

**WITNESSES**

As the sole judges of the facts, you must determine which of the witnesses you believe, what portions of the evidence you accept, and what weight you attach to that evidence.

At times during the trial, I may have sustained objections to questions asked without permitting a witness to answer or, where an answer was given, I may have instructed that it be stricken from the record and that you disregard it and dismiss it from your minds. You may not draw any inference from an unanswered question, nor may you consider testimony that has been stricken in reaching your decision. The law requires that your decision be based solely upon the competent evidence. Such items as I have excluded from your consideration were excluded because they are not legally admissible, and, therefore, you must not consider them.

The law does not, however, require you to accept all of the evidence that was admitted, even though it may have been competent. In determining what evidence you accept, you must make your own evaluation and determine the degree of weight you choose to give the evidence.

Devitt § 73.01

## INSTRUCTION 9

## IMPEACHMENT -- INCONSISTENT STATEMENTS

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

As act or omission is done "knowingly" if it is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Devitt § 73.04 as modified.

## INSTRUCTION 10

## ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Devitt § 73.11

**INSTRUCTION 11**

**EVIDENCE**


There is no magical formula by which one may evaluate evidence.  You bring with you to this courtroom all of the experience and background of your lives.  In your everyday affairs, you determine for yourselves the reliability or unreliability of statements others make to you.  The same test that you use in your everyday dealings are the tests you should apply in your deliberation.  The interest or lack of interest of any witness in the outcome of this case, the bias or prejudice of a witness, if there be any, the appearance, the manner in which the witness gives his testimony on the stand, the opportunity that the witness had to observe the facts he or she testifies about, the probability or improbability of the witness's testimony when viewed in the light of all of the other evidence in the case, are all items you should take into consideration in determining the weight, if any, you will assign to that witness's testimony.  If considerations such as these make it appear that there is a discrepancy in the evidence, you will have to consider whether the apparent discrepancy may be reconciled by fitting the two stories together.  If, however, that is not possible.  you will then have to determine which of the conflicting versions you will accept.


Devitt § 73.01

**INSTRUCTION 12**

**DUTY OF FAIR REPRESENTATION**


Plaintiff claims that CWA and Local 1103 violated their duties of fair representation by not fairly representing her and, as to CWA only, by not taking her discharge grievance to arbitration.  A union that serves as the bargaining representative for a group of employees has a duty to fairly represent all of those employees.

The collective bargaining contract between the employer and CWA provides that an employee's grievances must be decided through a grievance and arbitration procedure.  Here, Local 1103 has the right to decide whether to file an employee grievance and, if filed, whether to take that grievance through each step of the grievance procedure.  CWA has the right to decide whether to arbitrate a grievance after the third step of the grievance procedure.

Unions are given wide discretion to decide the merits of a grievance, and employees have no absolute right to have their cases taken to arbitration.  For plaintiff to prove that either CWA or Local 1103 violated its duty of fair representation, she must prove by a preponderance of the evidence that, (1) the employer's action breached the terms of the collective bargaining agreement, and (2) the defendant unions' defense against the action was arbitrary, discriminatory, or in bad faith.


Devitt § 96.14 as modified; Air Line Pilots Ass'n, Int'l v. O'Neill, 499 U.S. 65, 67, 78, 111 S.Ct. 1127 (1991); DelCostello v. Teamsters, 462 U.S. 151, 164-165, 103 S.Ct. 2281 (1983); Vaca v. Sipes, 386 U.S. 171, 191, 87 S.Ct. 903 (1967); Humphrey v. Moore, 375 U.S. 335, 342, 349, 84 S.Ct. 363 (1964); Ford Motor Co. v. Huffman, 345 U.S. 330, 338, 73 S.Ct. 681 (1953).

## INSTRUCTION 13

## BREACH OF DUTY OF FAIR REPRESENTATION

The plaintiff's burden of proof necessary to sustain this action is high.   A breach of the statutory duty of fair representation occurs only when a union's conduct toward an employee is arbitrary, discriminatory, or in bad faith.  A union's handling of a grievance or arbitration cannot be expected to be error-free.  There is no violation of the duty of fair representation if a union acts negligently in deciding how to handle a grievance.  That is, mere negligence or errors in judgment are insufficient to sustain a plaintiff's burden of showing that the union breached its duty of fair representation.

An employee does not have an absolute right to have her grievance taken to arbitration, regardless of the collective bargaining agreement's provisions. A union has wide discretion to determine whether proceeding with a grievance or arbitration would be fruitless. It is not enough to question a union's wisdom in not proceeding to arbitration, to criticize the methods used in pursuing the grievance or arbitration, or to otherwise second-guess the union's decision.

United States Steelworkers v. Rawson, 495 U.S. 362, 372-73, (1990); Spellacy v. Air Line Pilots, 156 F.3d 120, 129 (2d Cir. 1998); Vaca v. Sipes, 386 U.S. 171, 191, 87 S.Ct. 903 (1967).

INSTRUCTION 14

ELEMENTS – BURDEN OF PROOF

To prove a breach of duty of fair representation based on bad-faith conduct, Plaintiff must show substantial evidence of fraud, deceitful action, or dishonest conduct.

To prove a breach of the duty of fair representation based on discriminatory conduct, Plaintiff must show an intentional, hostile, and invidious refusal of the union to treat Plaintiff the same as other employees similarly situated. Discrimination is invidious if based upon impermissible classifications such as race or other constitutionally protected categories, or arises from prejudice or animus.

To prove that the Union has acted so arbitrarily as to have breached its duty of fair representation, the Plaintiff must prove that the Union acted without basis in honestly-exercised reason or judgment. A Union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the Union's actions, the Union's behavior is so far outside a wide range of reasonableness as to be irrational.

Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 571, 96 S.Ct. 1048 (1976); Marquez v. Screen Actors Guild, Inc., 525 U.S. 33, 45-46, 119 S.Ct. 292 (1998); Air Line Pilots Ass'n, Intl v. O'Neill, 499 U.S. 65, 67, 78, 111 S.Ct. 1127 (1991); Motor Coach Employees v. Lockridge, 403 U.S. 274, 299, 91 S.Ct. 1909 (1971); Vaca v. Sipes, 386 U.S. 171, 182, n. 1, 87 S.Ct. 903 (1967); Considine v. Newspaper Agency Corp., 43 F.3d 1349, 1357, 1359-62 (10th Cir. 1994); Mock v. T.G.Y. Stores Co., 971 F.2d 522 (10th Cir. 1992); Harris v. Schwerman Trucking Co., 668 F.2d 1204, 1206-07 (11th Cir. 1982); Ethier v. United States Postal Service, 590 F.2d 733, 735-36 (8th Cir. 1979).

**INSTRUCTION 15**

**NEW YORK STATE HUMAN RIGHTS LAW**

A union may violate the New York State Human Rights Law if it intentionally fails to assert an employee's grievance concerning race and gender discrimination. The plaintiff must inform the union of the alleged discrimination and request that the union file a grievance for the employer's discriminatory conduct.

A union has no duty to file a grievance unless the employee requests a grievance be filed. Regardless of whether you find the employer engaged in race and/or gender discrimination against the plaintiff, if by the preponderance of the evidence you determine the plaintiff (1) did not allege race and/or gender discrimination to Local 1103, or (2) did not request that Local 1103 file a grievance for the alleged race and/or gender discrimination, you must find that defendant unions did not violate the New York State Human Rights Law.

Goodman v. Lukens Steel Co., 482 U.S. 656, 667-69, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987). Mack v. Otis Elevator, 326 F.3d 116, 129 (2d Cir.2003); E.E.O.C. v. Pipefitters Ass'n, 334 F.3d 656, 658-61 (7th Cir.2003); Yarde v. Good Samaritan Hosp., 360 F.Supp.2d 552, 565 (S.D.N.Y. 2005); Henderson v. International Union,, 263 F.Supp.2d 1245, 1296 (D.Kan 2003); Mosley v. General Motors Corp., 497 F.Supp. 583, 591 (D.C. Mo. 1980)

**INSTRUCTION 16**

**NEW YORK STATE HUMAN RIGHTS LAW**


A union may also violate the New York State Human Rights Law if its violation of its duty of fair representation was motivated by racial or gender animus.  To establish such a claim, Plaintiff must prove (1) that the employer committed a violation of the collective bargaining agreement, (2) that the union violated its duty of fair representation, and (3) that the union violated its duty of fair representation for the reason of race or gender discrimination.

You may find that CWA violated the New York State Human Rights Law only if you find that CWA violated its duty of fair representation in failing to take plaintiff's discharge grievance to arbitration and that, in deciding not to take that grievance to arbitration, CWA intended to treat plaintiff differently than other employees because of her race or gender.


Ross v. Communication Workers of America Local 1110, 1995 WL 351462*6 (S.D.N.Y.) aff'd 100 F.3d 944 (2d Cir. 1996) (setting forth the elements of a Title VII claim for discrimination in a duty of fair representation case); Vargas v. Hill, 152 F.Supp.2d 315, 318-319 (S.D.N.Y. 2001); Cruz v. Coach Stores, Inc., 202 F.3d 560, fn. 1 (2d Cir. 2000) (applying the same analysis to a New York State Human Rights Law claim as applied by courts to a Title VII claim).

**INSTRUCTION 17**

**DAMAGES**

If you conclude plaintiff has established by a preponderance of the credible evidence (1) that her discharge was in violation of the collective bargaining agreement, (2) that the defendant unions breached their duty of fair representation in handling plaintiff's discharge grievance and (3) that the unions' breach of duty contributed to the plaintiff's discharge, then you must apportion your monetary award to the plaintiff, if any, between the company and the unions, according to the fault of each.

Damages attributable to the company's breach of contract in discharging the plaintiff should be charged against the company and not against the unions; increases, if any, in those damages, caused by the unions' breach of the duty of fair representation in handling the plaintiff's requested grievance should be charged to the unions and not to the company.

The plaintiff's damages in a case such as this case are limited to the actual monetary loss she suffered as a result of the company's breach of the collective bargaining agreement and the unions' breach of their duty of fair representation. Ordinarily, this actual loss is measured by the loss of pay caused by the company's discharge of the plaintiff, less any amounts that the plaintiff earned or reasonably could have earned in the period following her discharge

The company is liable for damages defined by pay lost for the time beginning with the plaintiff's discharge until the date, if any, you find the plaintiff would have been reinstated to her job but for the unions' breach of its duty of fair representation in handling her requested grievance. The unions are generally responsible for the remainder of plaintiff's actual lost wages, less amounts she earned or could have earned during the time after the date she would have been reinstated but for the breach of the unions' duty of fair representation. If by the preponderance of

evidence you determine the plaintiff failed to mitigate damages by accepting comparable work in the same geographic region, the earnings that would have accrued from accepting such employment should be deducted from the damages accrued after she would have been reinstated but for the breach of the defendant unions' duty of fair representation.

In determining the amount of damages to be attributable to the company, on the one hand, and to the unions on the other, you are entitled to consider whether the company participated in or procured the unions' breach of its duty of fair representation with regard to processing the plaintiff's requested grievance by representing to the unions that the plaintiff's discharge was for proper cause. If you find that the company engaged in such conduct, then you are entitled to assess against the company back pay and other damages accruing after the date upon which the plaintiff would have been reinstated but for the unions' breach of its duty of fair representation in an amount or proportion which you determine to represent the company's participation or procurement of the unions' breach.

Bowen v. United States Postal Service, 459 U.S. 212, 103 S.Ct. 588 (1983); Int'l Brotherhood of Electrical Workers v. Foust., 442 U.S. 42, 52, 99 S.Ct. 2121 (1979); Vaca v. Sipes, 386 U.S. 171, 197-98, 87 S.Ct. 903 (1967); 344 U.S. 344, 346-48, 73 S.Ct. 287 (1953); Aguinaga v. United Food and Com'l Workers Int'l Union, 993 F.2d 1463, 1473-77 (10th Cir. 1993); Epstein v. Kalvin-Miller Intern., Inc., 139 F.Supp.2d 469, 481 (S.D.N.Y. 2001); Nassau County v. New York State Div. of Human Rights,  123 A.D. 2d 342, 343  (2 Dept. 1986).

## INSTRUCTION 18

## OTHER DAMAGES

Plaintiff's Amended Complaint requests only economic damages from the Union

Defendants.

Plaintiff is not entitled to damages for emotional distress against the Union Defendants.

Plaintiff is not entitled to punitive damages from the Union Defendants.

IBEW v. Foust, 442 U.S. 42, 99 S.Ct. 2121 (1979); Rodonich v. House Wreckers Union Local 95, 817 F.2d 967 (2d Cir. 1987)