UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BARBARA BRYANT,                                    :

                        Plaintiff,          :

                              :    05 CV 8112 (CM) (HBP)

            - against -              :

                              :

VERIZON COMMUNICATIONS,                :
COMMUNICATION WORKERS OF AMERICA    :
LOCAL 1103 AND COMMUNICATIONS WORKERS :
OF AMERICA,                                        :

                       Defendants.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT VERIZON COMMUNICATIONS'
## PROPOSED JURY INSTRUCTIONS

        Defendant Verizon Communications ("Verizon") respectfully submits the below proposed jury instructions to be given to the jury at the close of the trial of this action. Verizon respectfully requests leave to submit revised or additional requests based upon the evidence actually adduced at trial. Verizon also requests leave to submit revised or additional requests that conform with any rulings of law the Court may render during the course of these proceedings.

        Verizon asserts that any issues in this case concerning back pay, front pay, mitigation of damages and judicial estoppel are to be tried to the Court, and not the jury, and accordingly has not submitted any jury instructions on these issues. To the extent the Court determines that Plaintiff is entitled to present these issues to the jury, Verizon respectfully requests leave to supplement these jury instructions.

        The following short citation forms are used throughout these proposed instructions:

ABA: American Bar Association, MODEL JURY INSTRUCTIONS: EMPLOYMENT LITIGATION (1994)

ALEXANDER: Alexander, et al., N.Y. FORMS OF JURY INSTRUCTION (1994)

DEVITT: Devitt, et al., FEDERAL JURY PRACTICE AND INSTRUCTIONS (4th ed. 1987 & Supp. 2000)

FED. JURY PRAC. HNDBK.: FEDERAL JURY PRACTICE & INSTRUCTIONS COMPANION HANDBOOK (2006-2007 ed.)

NYPJI: N.Y. PATTERN JURY INSTRUCTIONS (3d ed. 1996)

O'MALLEY: O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE & INSTRUCTIONS (5th ed. 2000)

SAND: Sand, et al., MODERN FEDERAL JURY INSTRUCTIONS (Matthew Bender, 3d ed.)

## GENERAL INSTRUCTIONS

Requested Instruction No. 1
(Introduction)

Members of the jury, we come now to that portion of the trial where you are instructed on the law applicable to the case and then retire for your final deliberations. You have now heard all of the evidence introduced by the parties and through arguments of their attorneys you have learned the conclusions which each party believes should be drawn from the evidence presented to you. This charge is divided into roughly two parts -- the first part consists of general principles of law that are applicable to all civil cases; the second part consists of charges directed specifically to the law you must follow in this case. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Consider these instructions as a whole, and do not disregard any instruction.

3C O'MALLEY § 103.01; FEDERAL JURY PRAC. HNDBK. 13:1, at 531; 1A NYPJI 1:35.

Requested Instruction No. 2
(Summary of Plaintiff's Claims)

Barbara Bryant alleges claims against defendants Verizon Communications ("Verizon"), Communications Workers of America Local 1103 and Communications Workers of America. These claims include alleged racial and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII), and the New York State Human Rights Law, N.Y. Exec. Law § 290, et seq. ("NYSHRL").

Specifically, Plaintiff alleges that Verizon discriminated against her by terminating her and in certain terms and conditions of her employment.

Verizon denies that Plaintiff's sex or race played any part in her termination and argues that Plaintiff was terminated after incurring two work time infractions. Verizon also denies that it discriminated against Plaintiff with respect to the terms and conditions of her employment.

Requested Instruction No. 3
(Impartiality)

You are to perform your duty of finding the facts without bias or prejudice as to any party, for all parties are equal under the law. You are to perform your final duty in an attitude of complete fairness and impartiality. You are not to be swayed by rhetoric or emotional appeals.

It must be clear to you that if you were to let prejudice or bias interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. Therefore, do not be guided by anything other than clear thinking and calm analysis of the evidence.

3A DEVITT § 71.01, as modified; FED. JURY PRAC. HNDBK. § 13:1, at 531.

Requested Instruction No. 4
(All Persons Equal Before the Law – Organizations)

Your oath as jurors requires you to decide this case fairly and impartially, without sympathy, passion, bias or prejudice.  You are to decide this case based solely upon the evidence that you find believable and in accordance with the rules of law that I give you.

Sympathy is an emotion normal for human beings.  No one can be critical of you for feeling some degree of sympathy in this matter.  However, that sympathy must play no part in your thinking and in the decision you reach in the jury room.  Similarly, your decision must not be based upon bias or prejudice that you might have developed during the trial, for or against any party.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  This action now is between Plaintiff, Verizon, the Communications Workers of America Local 1103 and Communications Workers of America.

A corporation and its employees are entitled to the same fair trial as a private individual.  All persons, including corporations, stand equal before the law, and are to be dealt with as equals in a court of justice.

DEVITT §71.02.

<u>Requested Instruction No. 5</u>
(Co-Defendants)

Plaintiff Barbara Bryant has asserted claims against three separate Defendants: Verizon, the Communications Workers of America Local 1103 and Communications Workers of America.  In rendering your verdict, you will need to consider the evidence as it applies to each Defendant.  Each Defendant is entitled to a fair consideration of the evidence.  You may find that Plaintiff has met her burden on each particular claim against only one Defendant, all Defendants, or none of the Defendants.  In evaluating liability, you must <u>separately</u> consider the liability of <u>each</u> Defendant.  No Defendant is to be prejudiced should you find against another Defendant.

O'MALLEY § 103.14; <u>Clue v. Johnson</u>, No. 96 Civ. 4490, 1997 U.S. Dist. LEXIS 20562, at *2-3 (S.D.N.Y. Dec. 24, 1997).

<u>Requested Instruction No. 6</u>
(Jury Function)

As members of the jury, you are the sole and exclusive judges of the facts.  You pass upon the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors.  In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence.  Nor is what I may have said--or what I may say in these instructions--about a fact issue, evidence.  In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence.  But you may not consider any answer that I directed you to disregard or that I directed struck from the record.  Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not Plaintiff has proven her case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the Court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice to any party.

4 SAND § 71-3; ALEXANDER § 1.37, as modified.

Requested Instruction No. 7
(Court's Function)

On the other hand, and with equal emphasis, I charge you that you are required to accept the law as it is given to you in this charge and in any instructions that I have given to you during the course of the trial. Whether you agree with the law as given to you by me or not, you are bound by it. The process by which you arrive at a verdict is first, to decide from all of the evidence and the exhibits, what the facts are, and second, to apply the law as I give it to you, to the facts as you have decided them to be. The conclusion thus reached will be your verdict.

ALEXANDER § 1:38.

<u>Requested Instruction No. 8</u>
(Evidence)

Evidence consists of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which Plaintiff and Defendants agreed or which I may have instructed you to accept.  Here are some rules that will help you recognize what is, and what is not, evidence:

Opening and Closing Statements.  Statements and arguments of the lawyers made in the opening and closing arguments are not evidence.

Rejected Evidence.  There are rules of evidence that control what can be received into evidence.  When one party asks a question or offers an exhibit into evidence and the other side thinks that it is not permitted by the rules of evidence, the other side has a right to object.  If I sustain the objection, the question cannot be answered and the exhibit cannot be received.  Whenever I sustain an objection to a question or an exhibit, ignore the question or the exhibit and do not guess what the answer would have been or what the exhibit would have shown.  Also, you should not draw any conclusion from my rulings on objections that I have any opinion on the merits of the case or that I favor one side or the other.

Questions to a Witness.  The questions asked a witness are not evidence.  It is only the answer to the question that is evidence.  If a question to a witness contains an insinuation or facts that are not in evidence, you must ignore the insinuation or facts not in evidence.

Stricken Evidence.  At times, I may have directed some piece of evidence to be stricken.  Since it is no longer evidence, you must totally ignore it and obliterate it from your minds.

O'MALLEY § 103.30; FED. JURY PRAC. HNDBK. § 13:1, at 531, § 13:2, at 548; ALEXANDER § 1:23.

<u>Requested Instruction No. 9</u>
(Type of Evidence)

In deciding whether a party meets its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact. For example, when a witness testifies to what he or she saw, heard or observed, that testimony is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside the courtroom and you cannot see whether it is raining, so you have no direct evidence of the fact. However, on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun to rain.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, it is not a matter of speculation or guesswork; it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence. You may consider either or both and may give them such weight as you conclude is warranted.

O'MALLEY § 171.46; ABA § 1:02[2], [3].

Requested Instruction No. 10
(Opinion is Not Proof)

Plaintiff's subjective belief that Verizon's alleged conduct towards her constituted gender or race discrimination is not sufficient to support her gender or race discrimination claim. Her opinion in this regard is just that – opinion. Her opinion cannot substitute for evidence of intentional discrimination. The proper inquiry is not whether she believed Verizon's conduct constituted gender or race discrimination, but whether the conduct was in fact gender or race discrimination.

If Plaintiff proves only that she sincerely believes that she has a viable cause of action against Verizon, you must return a verdict for Verizon.

Hazen Paper Co. v. Biggins, 507 U.S. 604 (1993).

Requested Instruction No. 11
(Witness Credibility)

You have had the opportunity to observe all the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of his or her memory, his or her candor or lack of candor, his or her intelligence, the reasonableness and probability of his or her testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case.  Always remember that you should use your common sense, your good judgment and your own life experience.

4 SAND § 76-1; DEVITT, § 105.01.

<u>Requested Instruction No. 12</u>
(Interested Witnesses)

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that fact in mind when evaluating the credibility of his or her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness' interest has effected his or her testimony.

4 SAND § 76-3.

<u>Requested Instruction No. 13</u>
(Witnesses and Exhibits)

The law does not require any party to call as witnesses each and every person who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. You should not draw any negative inference against any party with respect to any issue in dispute based on their failure to produce a witness over whom the party has no control.

Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

DEVITT § 73.11.

Requested Instruction No. 14
(Sympathy)

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial. Jurors are expected to apply common sense and experience in making the findings essential to justice, but justice is not done if a juror simply places himself or herself in the position of an injured party. Our system demands of jurors a prudent, disinterested evaluation of the evidence, not an emotional identification with a party. Indeed, neither the rules of evidence nor other legal guidelines would have much meaning if subjective judgments were the tests for persuasion. Fairness to all parties is the duty of jurors, as well as judges, and that is difficult to achieve under the best of circumstances. And our best chance of realizing that high hope is through the application of uniform standards governing the admission of evidence and the rules which the jury must follow in considering it. A plea for sympathy is, in essence, an appeal to abandon such standards and, necessarily, it must be rejected.

4 SAND § 71-10; ALEXANDER § 1:27.

Requested Instruction No. 15
(Burden of Proof: Preponderance of Evidence)

The burden is on Plaintiff in a civil action, such as this, to prove every essential element of her claim by a preponderance of the evidence. If the proof should fail to establish any essential element of Plaintiff's claim by a preponderance of the evidence in the case, the jury must find for Verizon as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. A preponderance of the evidence refers to the quality and the substance of the evidence. It is the greater weight of all of the credible testimony and exhibits received in evidence. In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If upon review of all of the evidence, you are satisfied that Plaintiff has sustained her burden, that is, if the evidence weighs in her favor, then Plaintiff is entitled to recover. If you feel that the evidence is evenly balanced, then Plaintiff has failed to carry her burden and you must find for Verizon.

O'MALLEY § 171.61; ABA § 1.02[1]; Fed. Jury Prac. Hndbk. § 13:2, at 549.

Requested Instruction No. 16
(Credibility – Prior Inconsistent Act/Statement)

Evidence that at some other time a witness, not a party to this action, has said or done something which is inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness, but may not be considered as evidence of the truth of any such statement.

Where, however, the witness is a party to the case and, by such statement, or other conduct, admits some fact or facts against his or her interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

DEVITT § 105.09.

<u>Requested Instruction No. 17</u>
(Impeachment)

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think the witness deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

D<small>EVITT</small> § 105.04.

Requested Instruction No. 18
(Plaintiff's Failure To Produce Evidence)

You have heard testimony about evidence which has not been produced. Counsel for Verizon has argued that this evidence was in Plaintiff's control and would have proven facts material to the matter in controversy.

If you find that the Plaintiff could have produced the evidence, and that the evidence was within her control, and that this evidence would have been material in deciding among the facts in dispute in this case, then you are permitted, but not required, to infer that the evidence would have been unfavorable to the Plaintiff.

In deciding whether to draw this inference, you should consider whether the evidence not produced would merely have duplicated other evidence already before you. You may also consider whether the Plaintiff had a reason for not producing this evidence, which was explained to your satisfaction. Again, any inference you decide to draw should be based on all of the facts and circumstances in this case.

4 SAND § 75-7.

Requested Instruction No. 19
(Gender and Race Discrimination Claim - Plaintiff's Initial Burden of Proof –
The Prima Facie Case)

Plaintiff's initial burden of proof in her gender and race discrimination claim is to prove by a preponderance of the evidence that (1) she was in a protected category, (2) she was satisfactorily performing her job, (3) she was subject to an adverse employment action, and (4) the adverse action occurred under circumstances giving rise to an inference of gender or race discrimination.

If Plaintiff fails to prove any of these elements by a preponderance of the evidence, then you must decide in favor of Verizon on Plaintiff's gender and race discrimination claims.  However, if Plaintiff proves each of the required elements by a preponderance of the evidence, Verizon must merely state, not prove, a legitimate, non-discriminatory reason for its actions.

> 5 SAND § 88-44; ABA § 1.02[3]; Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-253 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 800-802 (1973); Norville v. Staten Island Univ. Hosp., 196 F.3d 89, 95 (2d Cir. 1999); Cabrera v. Jakabovitz, 24 F.3d 372, 381-82 (2d Cir. 1994); Danzer v. Norden Sys., Inc., 151 F.3d 50 (2d Cir. 1998); McLee v. Chrysler Corp., 109 F.3d 130 (2d Cir. 1997); Ebanks v. Neiman Marcus Group, Inc., 414 F. Supp. 2d 320, 325 (S.D.N.Y. 2006); Lennon v. New York City, 392 F. Supp. 2d 630, 642 (S.D.N.Y. 2005); Olle v. Columbia Univ., 332 F. Supp. 2d 599, 615 (S.D.N.Y. 2004), aff'd, No. 04-5364, 136 Fed. Appx. 383 (2d Cir. June 1, 2005).

<u>Requested Instruction No. 20</u>
(Discrimination Claims – Verizon's Burden of Production)

If you, the jury members, are persuaded, based on a preponderance of the evidence, that Plaintiff has proven each element of her *prima facie* case of gender discrimination and/or race discrimination, Verizon may rebut the presumption that it unlawfully discriminated against Plaintiff by articulating any legitimate non-discriminatory reason for its actions.

In rebutting the presumption, Verizon need not prove or persuade you, the jury members, that it was actually motivated by the non-discriminatory reason offered.  Indeed, the ultimate burden of persuading you remains always with Plaintiff.  Rather, Verizon must merely articulate, that is, express, that reason.  Once Verizon states a legitimate non-discriminatory reason for its actions, the inference of unlawful discrimination raised by the *prima facie* case is rebutted and plays no further role in your deliberations.

In this regard, the question for your determination is not whether, in your opinion, Verizon showed poor or erroneous judgment; you are not to judge Verizon's wisdom in making its business decisions or the soundness of those business decisions.  The issue is not whether Verizon's stated reason was unwise or unreasonable.  An employer is entitled to make decisions with respect to an employee for a good reason, a bad reason, or for no reason at all, so long as the decision is not motivated by unlawful discrimination.  Verizon's conduct can be found to be unlawful discrimination only if Plaintiff's gender and/or race was a substantial or motivating factor in Verizon's decisions.

Accordingly, if Verizon presents a legitimate non-discriminatory reason for its decisions, then you must find that Verizon has met its burden and move on to a consideration of whether Plaintiff has proven that Verizon's articulated reasons were a pretext for unlawful discrimination.

<u>Texas Dep't of Community Affairs v. Burdine</u>, 450 U.S. 248, 254 (1981); <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973); <u>Gallo v. Prudential Residential Servs., Ltd. Partnership</u>, 22 F.3d 1219, 1226 (2d Cir. 1994).

Requested Instruction No. 21
(Discrimination Claims - Plaintiff's Ultimate Burden of Proving Pretext)

Once Verizon has stated a legitimate, non-discriminatory reason for its decisions, Verizon has met its burden of producing some explanation of its action other than discrimination. Accordingly, the burden then shifts to Plaintiff to prove intentional discrimination. This burden never shifts to Verizon to convince you otherwise.

To meet her burden, Plaintiff must prove that Verizon's articulated non-discriminatory reasons for its decisions are merely a pretext, that is, a cover-up or a sham disguising an underlying intent to discriminate against Plaintiff because of her gender and/or race. To do so, Plaintiff must prove both that the reasons given by Verizon for its decisions were not the real reasons and that the real reasons for Verizon's decisions were because of her gender and/or race.

Verizon asserts that it had legitimate, non-discriminatory business reasons for all its actions concerning Plaintiff, and that Plaintiff was terminated for a second work time violation in a two-year period. If you find that these reasons are not Verizon's reasons for its decisions, and you believe that Verizon is misrepresenting what actually happened, in order to find Verizon liable you must also conclude that Verizon was motivated by gender or race discrimination against Plaintiff. In making such a determination, you should consider the reasonableness or lack thereof of Verizon's explanations for its treatment of Plaintiff, and may consider any evidence of implausibility concerning those reasons.

Unless you find, based upon a preponderance of the evidence, that Verizon's reasons for its treatment of Plaintiff were in fact a pretext motivated by discriminatory intent based on Plaintiff's gender and/or race, you must find for Verizon. Plaintiff cannot prove that Verizon's articulated non-discriminatory reasons were a pretext for discrimination by mere speculation and conclusory allegations unsupported by evidence of specific facts that show pretext.

ABA § 1.03[2][a]; Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143-148 (2000); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 517 (1993); Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253-54 (1981); Quaratino v. Tiffany & Co., 71 F.3d 58, 64 (2d Cir. 1995); McCarthy v. New York City Tech. Coll., 202 F.3d 161, 165 (2d Cir. 2000); Owen v. Thermatool Corp., 155 F.3d 137, 139 (2d Cir. 1998); Rowe v. Bell Atlantic, No. 02-CV-0756, 2006 U.S. Dist. LEXIS 7421, at *7 (E.D.N.Y. Feb. 7, 2006); Farulla v. N.Y. Sch. Constr. Auth., 277 F. Supp. 2d 140, 146 (E.D.N.Y. 2003).

Requested Instruction No. 22
(Adverse Employment Action)

In order to establish a gender or race discrimination claim or retaliation claim, Plaintiff must demonstrate that Verizon took a tangible employment action against her. A tangible employment action constitutes a significant change in employment status, for the worse, such as firing, failing to promote, reassignment with significantly different and lesser responsibilities, or a decision causing a significant reduction in compensation or benefits.

> O'MALLEY §§ 171.21, 171.22, 171.43; Torres v. Pisano, 116 F.3d 625, 640 (2d Cir. 1997); Davis v. City Univ., No. 94 Civ. 7277, 1996 U.S. Dist. LEXIS 6345, at *21-24 (S.D.N.Y. May 9, 1996); McKenney v. New York City Off-Track Betting Corp., 903 F. Supp. 619, 623 (S.D.N.Y. 1995).

<u>Requested Instruction No. 23</u>
(No Inference of Discrimination: Plaintiff's Race or Sex)

You may not infer discrimination or retaliation from the mere fact that a plaintiff is African American (or Black American) or female and has filed a lawsuit claiming discrimination or retaliation.

<u>Gatling v. Atlantic Richfield Co.</u>, 577 F.2d 185, 188 (2d Cir. 1978); <u>Fraser v. Doubleday & Co.</u>, 587 F. Supp. 1284 (S.D.N.Y. 1984).

Requested Instruction No. 24
(Employer's Business Judgment)

Even if an employer is mistaken and its business judgment is wrong, an employer is entitled to make its own policy and business judgment. An employer may make those employment decisions as it sees fit, as long as they are not unlawful.

O'MALLEY § 17.75; Towles v. Textron Lycoming, 112 F.3d 505 (2d Cir. 1997); Thornley v. Penton Publ'g, Inc., 104 F.3d 26 (2d Cir. 1997); Beauchat v. Mineta, No. 03 Civ. 3196, 2006 WL 2711608 (E.D.N.Y. Sept. 1, 2006).

Requested Instruction No. 25
(Burden of Proof on Retaliation Claim:
Plaintiff's Ultimate Burden)

Plaintiff alleges that she was retaliated against after she allegedly complained of discrimination.  Specifically, Plaintiff claims that Verizon retaliated against her by placing certain disciplinary notices in her file.  Verizon maintains that Plaintiff never complained of discrimination and that it placed the notices in her file for legitimate business reasons.  In certain circumstances, the law protects an employee who protests about what she believes to be discrimination, but you must keep in mind that not all forms of protest are protected by the law. I will next instruct you on what Plaintiff must prove in order to succeed on her retaliation claim. As I do so, you should keep in mind that the burden to prove by a preponderance of the evidence that unlawful retaliation occurred remains always on the Plaintiff, and that the burden is not on Verizon to prove nonretaliation.

<div style="margin-left:2em">

St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993); Matima v. Celli, 228 F.3d 68, 78-79 (2d Cir. 2000); Wanamaker v. Columbian Rope Co., 108 F.3d 462 (2d Cir. 1997); Donato v. Plainview-Old Bethpage Cent. Sch. Dist., 96 F.3d 623 (2d Cir. 1996), cert. denied, 117 S. Ct. 1083 (1997); Manoharan v. Columbia Univ. College of Physicians & Surgeons, 842 F.2d 590 (2d Cir. 1988.)

</div>

Requested Instruction No. 26
(Prima Facie Case - Retaliation)

With respect to her claim of retaliation, Plaintiff must prove each of the following elements by a preponderance of the evidence:  (1) she engaged in protected activity by making a complaint to Verizon with a good faith, honestly held and reasonable belief that she had been discriminated against because of her race or gender in connection with her employment; (2) Verizon was aware of that protected activity and took adverse action against her subsequent to her protected activity; and (3) Verizon would not have taken the action but for her protected activity.

If Plaintiff offers evidence on each these required elements, Verizon may (but need not) offer evidence that its actions were motivated by legitimate, nonretaliatory reasons, rather than retaliation.  At all times, it remains the burden of Plaintiff to prove that Verizon violated the law, and Plaintiff has not satisfied that burden if you believe that Verizon acted for legitimate, nonretaliatory reasons.

Galdieri-Ambrosini v. National Realty & Dev. Corp., 136 F.3d 276, 292 (2d Cir. 1998); Torres v. Pisano, 116 F.3d 625, 639 (2d Cir.), cert. denied, 118 S. Ct. 563 (1997); Wanamaker v. Columbian Rope Co., 108 F.3d 462 (2d Cir. 1997); Reed v. A.W. Lawrence & Co., 95 F.3d 1170 (2d Cir. 1996).

Requested Instruction No. 27
(Protected Activity)

In order to prove that she engaged in a protected activity, which is one of the essential elements of Plaintiff's retaliation claim, Plaintiff must demonstrate that she had a good faith, reasonable belief that Verizon, or one of its employees, had engaged in gender or race discrimination in violation of the law as I have explained it to you. She must also prove that she reported the unlawful conduct to Verizon prior to the alleged adverse employment action.

Matima v. Celli, 228 F.3d 68, 78-79 (2d Cir., 2000); Manoharan v. Columbia Univ. College of Physicians & Surgeons, 842 F.2d 583, 593 (2d Cir. 1988); Bernier v. Morningstar, Inc., No. 06-1617, 2007 U.S. App. LEXIS 16933, at *16 (7th Cir. July 17, 2007).

<u>Requested Instruction No. 28</u>
(Causation and Pretext)

Because the burden of proof always remains on Plaintiff, she may prevail on her retaliation claim only if she can prove that, more likely than not, Verizon acted because she engaged in protected activity, rather than for some other nonretaliatory reason.

To the extent that Plaintiff claims that the reasons offered by Verizon are a pretext, that is, not to the true reason for Verizon's actions, you must bear in mind that Verizon does not bear a burden of proof on the retaliation claim or any other claim. Verizon does not have to persuade you it was actually motivated by the reasons it has presented for its actions. Even if you do not believe the reasons given by Verizon for its actions, you must still find that the real reason was retaliation or you must return a verdict in Verizon's favor. In other words, it is not enough to disbelieve Verizon; you must accept the Plaintiff's evidence of intentional retaliation as being what in fact happened.

<u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502 (1993); <u>Texas Dept. of Comm. Affairs v. Burdine</u>, 450 U.S. 248 (1981); <u>Holt v. KMI-Continental, Inc.</u>, 95 F.3d 123 (2d Cir. 1996), <u>cert. denied</u>, 520 U.S. 1228 (1997).

Requested Instruction No. 29
(Intentional Retaliation)

If you find that the reason or reasons advanced by Verizon for its actions are not true, and that Plaintiff's protected activity was a factor in the employment actions in question, you must then decide whether such protected activity was a motivating factor in those decisions - - that is, did it actually make a difference.  In addition, you must also decide whether Verizon intentionally retaliated against Plaintiff.  In other words, you must return a verdict for Verizon unless you find based on a preponderance of the evidence that Verizon's actions were in fact motivated by its intent to retaliate against Plaintiff for engaging in protected activity, and that Verizon would not have acted as it did but for the protected activity.

> Sanders v. Madison Square Garden, No. 06 Civ. 589, 2007 WL 2254698, at *2 (S.D.N.Y. Aug. 6, 2007);  St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993);  Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248 (1981);  Wanamaker v. Columbian Rope Co., 108 F.3d 462 (2d Cir. 1997);   Holt v. KMI-Continental, Inc., 95 F.3d 123, 130 (2d Cir. 1996) (citing Graham v. Texasgulf, Inc., 662 F.Supp. 1451, 1462 (D.Conn. 1987), aff'd, 842 F.2d 1287 (2d Cir.1988)).

Requested Instruction No. 30
(Insufficiency of Subjective Beliefs)

The subjective testimony of Plaintiff to the effect that she believes that she was retaliated against cannot form a basis for finding that she was in fact retaliated against. Her opinion in this regard is just that – opinion – and you must disregard it. It cannot substitute for evidence that Verizon intentionally retaliated against Plaintiff. The proper inquiry is not whether Plaintiff believed Verizon's conduct was retaliatory, but whether, in fact, her protected activity was a motivating factor in Verizon's decision.

Paddock v. Brockport, 418 F. Supp.2d 288 (W.D.N.Y. 2006); Dixit v. City of New York Dep't of Gen. Servs., 972 F. Supp. 730 (S.D.N.Y. 1997); York v. Mobil Oil Corp., No. 89-CV-1405, 1991 WL 53337 (N.D.N.Y. Jan. 18, 1991).

Requested Instruction No. 31
(Damages – General)

I shall now instruct you on the award of damages allowable on Plaintiff's discrimination claims.  The fact that you are instructed on damages is not to be considered by you to suggest that you must consider damages or that I have an opinion on the outcome of this case.

If you find that Plaintiff has satisfied her burden of proving by a preponderance of the evidence each of the elements of her claims, only then may you consider damages for that claim.  If you decide that Plaintiff is not entitled to prevail on her claims, you need go no further.

You may not consider damages unless you have first found Verizon liable to Plaintiff in accordance with these instructions.  The following instructions on damages are given in order that these instructions will be complete and that I will not have to instruct you again.

If and only if you find that Verizon is liable to Plaintiff on her claims of gender or race discrimination or retaliation, do you go on to consider the question of "damages," that is, the amount of money that will fairly compensate Plaintiff for any emotional injury that she suffered as a proximate result of such employment discrimination as you have found.  An injury is "proximately caused" by the misconduct of Verizon if that misconduct was a substantial factor in causing the injury and if the injury was a foreseeable consequence of Verizon's misconduct.

Please remember that an award of damages must be based on evidence, not on sympathy or conjecture.  As with liability, Plaintiff bears the burden of establishing damages by a fair preponderance of the credible evidence.

5 SAND § 87-31; DEVITT § 74.02; Lightfoot v. Union Carbide Corp., 110 F.3d 898 (2d Cir. 1997); Thornley v. Penton Publ'g, Inc., 104 F.3d 26 (2d Cir. 1997).

Requested Instruction No. 32
(Damages for Emotional Pain and Suffering)

Plaintiff seeks damages for pain, suffering and physical or emotional distress. These are called compensatory damages.  The fact that you are instructed on compensatory damages is not to be considered by you to suggest that you must consider compensatory damages or that I have an opinion on the outcome of this case.

If you decide that Plaintiff is entitled to recover against Verizon, you will award an amount as, in the exercise of your good judgment and common sense, you decide is just compensation for such pain, suffering and physical or emotional distress you find was actually caused by Verizon's discriminatory conduct.  However, where there is only limited evidence presented of mental anguish or humiliation, damages can be nominal or zero, even in cases where discrimination may have occurred.  Conduct by Verizon that does not cause pain, suffering or physical or emotional distress does not entitle Plaintiff to compensatory damages. By the same token, pain, suffering or physical or emotional distress to Plaintiff that is not the result of unlawful gender or race discrimination by Verizon does not allow you to award compensatory damages to Plaintiff.

Verizon is not liable if Plaintiff's emotional distress is exaggerated or unreasonable in comparison to what a reasonable person would experience under the circumstances.  Verizon is not responsible for any unreasonable reaction to its actions.  Verizon also is not responsible if other factors outside its control caused Plaintiff to experience emotional distress, including events which may have occurred prior to, during, or after Plaintiff's employment with Verizon.

If you decide to award compensatory damages, you should be guided by dispassionate common sense in awarding the amount of such damages.  You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation, or guess work.

O'MALLEY § 171.90; ABA §§ 1.07[3], 4.16[1]; Cullen v. Nassau County Civil Serv. Comm'n, 53 N.Y.2d 492, (1981); Funk v. F&K Supply, Inc., 43 F. Supp. 2d 205, 227-28 (N.D.N.Y. 1999); Tanzini v. Marine Midland Bank, N.A., 978 F. Supp. 70, 78-79 (N.D.N.Y. 1997); Shea v. Icelandair, 925 F. Supp. 1014, 1029 (S.D.N.Y. 1996); McIntosh v. Irving Trust Co., 887 F. Supp. 662 (S.D.N.Y. 1995); Grumman Aerospace Corp. v. N.Y. State Div. of Human Rights, 151 A.D.2d 573 (2d Dep't 1989); Cosmos Forms, Ltd. v. N.Y. State Div. of Human Rights, 150 A.D.2d 442 (2d Dep't 1989).

Requested Instruction No. 33
(Punitive Damages Under Title VII)

**[Please note:  Verizon only requests this instruction if the Court concludes that an instruction is appropriate based upon the evidence at trial.]**

Plaintiff has requested that the jury award punitive damages against Verizon.  A plaintiff is not entitled to punitive damages as a matter of right and they are only awarded in exceptional cases.  If you find for Plaintiff on her claims against Verizon, you may, but are not required to, award punitive damages.  The purposes of punitive damages are to punish a defendant and to deter a defendant and others from committing similar acts in the future.

Plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence.  Punitive damages under Title VII may only be imposed upon Verizon if Plaintiff demonstrates that the employer has engaged in intentional discrimination and has done so with malice or with reckless indifference to her federally protected rights.  You must find a positive element of conscious wrongdoing before you award punitive damages.

However, if you find that Verizon made good faith efforts to comply with Title VII, in that it had an antidiscrimination policy in place and it made a good faith effort to enforce the policy, then you may not award punitive damages.

If you that punitive damages are appropriate, you should try to determine a fair, just and reasonable amount for Plaintiff under all circumstances.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.  In considering punitive damages, you may consider the degree of reprehensibility of Verizon's conduct and the relationship of any award of punitive damages to any actual harm inflicted on Plaintiff.

An employer is not liable for punitive damages based on the wrongful acts of its employees, unless the employer authorized or approved the wrongful acts for which the damages are awarded and was aware of their wrongfulness.  With respect to a corporate employer, such as Verizon, such liability may only be imposed where an employee serving in a managerial capacity committed the wrong in the scope of his or her employment.  Accordingly, punitive damages should not be awarded if an employer has an anti-discrimination policy and has made good-faith efforts to enforce it.

If, in your discretion, you determine that punitive damages are appropriate, you may award different amounts of punitive damages against different Defendants or as to one Defendant in this action, but not another.

ABA § 1.07[4]; 42 U.S.C. § 1981a(b)(1); FED. JURY PRAC. HNDBK. § 13:2, at 557; Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 542-43 (1999); Farias v. Instructional Sys., Inc., 259 F.3d 91 (2d Cir. 2001); Greene v. Coach, Inc., 218 F. Supp. 2d 404, 414 (S.D.N.Y. 2002); Greenbaum v. Handelsbanken, 67 F. Supp. 2d 228, 262 (S.D.N.Y. 1999); 5 SAND § 87.01.

<u>Requested Instruction No. 34</u>
(Damages Based on Evidence – All Claims)

You are instructed to make your decision as to the appropriate amount of damages, if any, based upon the evidence presented and not on any sympathy you may feel for Plaintiff.  If you find that Verizon discriminated against Plaintiff based on her gender or race, you may award as damages only the amount you find justified by a preponderance of the evidence, no more and no less.

4 S<small>AND</small> § 77-3.

## **Concluding Instructions**

Requested Instruction No. 35
(Selection of Foreperson: Right to See Exhibits
and Hear Testimony; Communications with the Court)

You will shortly retire to the jury room to begin your deliberations. As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law, and a verdict form on which to record your verdict. In addition, we will send into the jury room all of the exhibits that were admitted into evidence. If you want any of the testimony, that can also be read back to you. But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations. After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

DEVITT § 103.50; FED. JURY PRAC. HNDBK. §§ 13:2 at 547, 13:3, at 568-69.

<u>Requested Instruction No. 36</u>
(Verdict: Need for Unanimity: Duty to Consult)

You should not, however, tell me or anyone else how the jury stands on any issue until you have reached your verdict and recorded it on your verdict form.

Each of you must decide the case for yourself, after consideration with your fellow jurors of the evidence in the case; and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to his or her opinion, each should exchange views with his or her fellow jurors. That is the very purpose of jury deliberation — to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your view simply because you are outnumbered. Discuss your differences with an open mind. On the other hand, you should not hesitate to reexamine your own views and change or modify an earlier opinion which, after discussion with your fellow jurors, now appears to you erroneous. You should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

In short, your verdict must reflect your individual views and it must also be unanimous.  When each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal that you are ready to return to the courtroom.

This completes my instructions of law.

DEVITT § 103.50; FED. JURY PRAC. HNDBK. § 13:3, at 569.

Dated: New York, New York
      January 11, 2008

                                      EPSTEIN BECKER & GREEN, P.C.

                                      By:   /s/ Carrie Corcoran
                                            Michael A. Kalish
                                          Carrie Corcoran
                                    250 Park Avenue
                                    New York, New York  10177-1211
                                    (212) 351-4500
                                    Attorneys for Defendant Verizon
                                    Communications