UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BARBARA BRYANT,

                       Plaintiff,

                - against -

VERIZON COMMUNICATIONS,
COMMUNICATION WORKERS OF AMERICA
LOCAL 1103 AND COMMUNICATIONS WORKERS
OF AMERICA,

                       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

05 CV 8112 (CM) (HBP)

## DEFENDANT VERIZON COMMUNICATIONS'
## PROPOSED VOIR DIRE QUESTIONS

       Defendant Verizon Communications ("Verizon") respectfully requests that the Court include the following questions in its examination of prospective jurors, pursuant to Rule 47(a) of the Federal Rules of Civil Procedure, and permit Verizon to supplement that inquiry, if necessary.

## CASE SUMMARY

       (Verizon respectfully requests that the following statement be made at the beginning of the Court's voir dire examination, in order that members of the panel may consider the Court's questions and evaluate their impartiality in an appropriate context.)

       This is an action brought by plaintiff Barbara Bryant ("Plaintiff" or "Ms. Bryant") against Verizon, Communications Workers of America Local 1103 and Communications Workers of America. Plaintiff is a former employee of Verizon. She was a member of a bargaining unit represented by Communications Workers of America Local 1103, which is part of the Communications Workers of America. In this action, she alleges that Verizon

discriminated against her because of her race and gender by discharging her and in certain terms and conditions of her employment. She also alleges retaliation by Verizon. Verizon denies all of the Plaintiff's allegations and asserts that all of its actions with respect to the Plaintiff have been lawful. Verizon asserts that Plaintiff's employment with Verizon was terminated after she incurred two work-time infractions.

In the trial of this matter, all parties are entitled to the fair, unbiased, and impartial consideration of each juror. Each juror must make his or her own independent judgment. If there is any fact or reason why any of you might be biased in any way, it is your duty to disclose it now.

## **JURORS' FAMILIARITY WITH THE PARTIES AND THE LAWSUIT**

1. Barbara Bryant is the plaintiff in this action.

    a. Do any of you know Ms. Bryant?

    b. How do you know her?

    c. What do you know or what have you heard about her?

2. Verizon is one of the defendants in this action. Have you, or any close friend or relative, at any time been employed by Verizon? If yes:

    a. Who was it?

    b. By whom was that person supervised?

    c. When was that person employed?

    d. In what capacity was that person employed?

3. Have you, or any close friend or relative, had any negative experiences with Verizon? If yes, can you describe the experience and who was involved?

4. Is there any reason that you, a member of your family or any of your close friends would have any ill feelings towards Verizon? If so, can you describe the experience and who was involved?

5. Are you related to any employee, officer or director of Verizon? If yes:

   a. Who?

   b. What is the nature of that relationship?

   c. Would that relationship cause you to be unable to render a fair and impartial verdict?

6. Have you, or any close friend or relative, at any time been employed by a telecommunications company? If yes:

   a. Who was it?

   b. By whom was that person employed?

   c. When was that person employed?

   d. In what capacity was that person employed?

7. Do you have any personal feelings about the telecommunications industry?

8. Is there any reason that you, any member of your family or any of your close friends would have any ill feelings toward the telecommunications industry?

9. Verizon is represented by Epstein Becker & Green, P.C. and this case will be tried by Michael A. Kalish and Carrie Corcoran from that firm.

   a. Do any of you know Mr. Kalish, Ms. Corcoran, that firm, or anyone at that firm?

   b. Who do you know?

c. How do you know that person?

d. What do you know or what have you heard about that person?

e. What do you know or what have you heard about that firm?

10. Ms. Bryant is represented by The Scott Firm and this case will be tried by A. Baraka Scott from that firm.

   a. Do any of you know Mr. Scott, that firm, or anyone at that firm?

   b. Who do you know?

   c. How do you know that person?

   d. What do you know or what have you heard about that person?

   e. What do you know or what have you heard about that firm?

11. Communications Workers of America Local 1103 and Communications Workers of America are represented by Amy S. Young.

   a. Do you know Ms. Young?

   b. How do you know her?

   c. What do you know or what have you heard about her?

12. In addition to the Plaintiff Ms. Bryant, the following individuals may be called as witnesses in this case. We need to learn whether you know or have heard of any of them. Please raise your hand if you think you know anyone on this list. The mere fact that I read the name to you does not necessarily mean that the person will actually be called as a witness. That decision is for the attorneys.

AETNA, Custodian of Records
Dale Arditi
Joe Barca
Beneficial New York, Custodian of Records

Ronald Bough

Bronx Community School, Custodian of Records

Beverly Brown

Barbara Bryant

Cathy Carney

Central Casting, Custodian of Records

Charm Realty, Custodian of Records

_____ Clark

Richard Conforti

Brian Collins

Dottie Cunningham

William Damson

Department of Labor

Deborah DiMarco

Linda Dougherty

Barrington Edgar

Barbara Faranz

FEGS/HRA, Custodian of Records

FBI, Custodian of Records

Nan Fleming

Vincent Galante

Christopher Gazzigli

John Gentile

Carlos Gonzalez

John Gonzalez

Julia Gonzalez

Bruce Green

Ed Grollimund

Cathy Grollimund (formerly Costa)

Dr. Lorena Grullon

H&H Properties, Custodian of Records

Linda Harris

Daniel Hickey

Wanda Holt

Internal Revenue Service, Custodian of Records

Dr. Geethani Jayasundera

Dr. Saul Kaplan

Tom Kennedy

Anthony Lake

Thomas Lawrence

Dr. Henry Lefkowitz

Mike Lindros

Sue Lopez

Ron Mangeri

Brenda Martin

Joseph Mastro

Medicaid, Custodian of Records

MetLife, Custodian of Records

Dr. Grant Mitchell

David Mowen

David Neeley

NYC Workforce 1 Career Central Bronx, Custodian of Records

New York City Housing Authority, Custodian of Records

New York City Human Resources Administration Family Independence Administration, Custodian of Records

Peter Niles

Dr. Rajesh Patel

Charles Penn

Dr. Stanley Portnow

James Pucci

Patrick Prindeville

Carl Pugni

Peter Ray

_____ Rayo

Lydia Rosa

David Rosario

Laurel Rosselli

Michael Salomey

Patricia Scheideler

Raymond Schwartzberg

John Sciortino

Kevin Sheil

Social Security Administration, Custodian of Records

State Education Department Ticket to Work Program, Custodian of Records

State of New York Office of Temporary and Disability Assistance, Custodian of Records

Vincent Gallante

United Way, Custodian of Records

Verizon Custodian of Records

Adam Weeks

Don Wilson

Kathy Yizar

Joseph Barca

Barbara Bryant

Richard Conforti

William Damson

Vincent Galante

John Gentile

Ronald Mangeri

Richard Martini

Joseph Mastro

David Mowen

Peter Niles

Patrick Prindeville

Elisa Riordan

Kevin Sheil

William Stumpf

Kathleen Yizar

Barbara Bryant

Barrington Edgar

Dr. Julia Mayo-Johnston

Dr. Grant Mitchell

Dr. Lorena Grullon

Dr. Beverly Brown

Linda Harris

Bill Stumpf

William Damson

Kevin Sheil

Vincent Gallante

Dave Mowen

Carlos Gonzalez

Richard Martini

Elisa Riordan

Joseph Barca

Julia Gonzalez, CSW

Peter Niles

13. As to any juror indicating that he/she knows any witness:

    a. Whom do you know/whom have you heard about?

    b. How do you know/how did you hear about that person?

    c. What do you know/what have you heard about that person?

    d. Would your acquaintance with/relationship to that person in any way affect any decision that you may be required to make as a juror? If yes, how would this affect your decisions as a juror?

    e. Would you be more likely to believe that person or would you assign more or less weight to anything that he/she might say because of your relationship?

14. Have you heard anything about this case or the parties that would influence your attitude toward the parties, or cause you to feel that you cannot decide the case fairly and impartially?

15. Do you have any knowledge whatsoever of any of the allegations made in this action, apart from what I have told you today?

16. Have you formulated any opinion whatsoever in advance of hearing the evidence as to whether monetary or any other type of damages should be awarded, simply because a lawsuit has been brought?

## **JURORS' BACKGROUNDS**

17. The parties are entitled to know about your individual backgrounds. I would like to ask each member of the panel to state his or her occupation and place(s) of employment for the past 10 years, and I will ask you certain questions about your job.

18. Are you employed? If so:

    a. Where do you work?

    b. What type of work do you do/what is your job title?

    c. What are your duties in that job?

    d. How long have you worked there?

    e. Where did you work before your current job?

    f. What type of work did you do/what was your job title at your prior job?

    g. What were your duties in your prior job?

    h. How long were you employed in your prior job?

19. If you are not currently employed:

  a. How long have you been unemployed?

  b. Have you had difficulty in finding new employment?

  c. Do you think that you have been unfairly not hired for any job, or discharged from any job you held?

  d. Have you retired from employment? At what age did you retire? Under what circumstances did you retire (voluntary, involuntary, layoffs)?

  e. What job did you last hold?

  f. What type of work did you do/what was your job title at your last job?

  g. What were your duties in your last job?

  h. How long were you employed in your last job?

20. Have you ever been involuntarily dismissed from any job for any reason?

21. Have you ever supervised employees?  If so:

  a. How many?

  b. In what functions?

22. Have you ever had to discipline, lay off or terminate an employee?

23. Have you ever had a decision-making role in hiring an employee?

24. Have you ever been self-employed or owned your own business?  If so, what was the nature of that business, and how many employees did you employ?

25. Do you have a working spouse or significant other?

  a. If so: Where? What job does she or he currently hold?

  b. If unemployed:  Duration? Circumstances?

26. Do you have working children?

   a. If so: Where? What jobs do they currently hold?

27. Please describe briefly your educational background:

   a. Did you graduate from high school?

   b. Did you go to college?

   c. Where did you go to college and for how long?

   d. Did you graduate?

   e. Have you done any postgraduate work?

   f. If so, what type of postgraduate work have you done and where?

   g. Do you hold a postgraduate degree?

   h. If so, from what institution and in what field of study?

28. Please describe briefly your spouse's educational background:

   a. Did he/she graduate from high school?

   b. Did he/she go to college?

   c. If so, did he/she graduate?

   d. Has he/she done any postgraduate work?

   e. If so, what type of postgraduate work has he/she done and where?

   f. Does he/she hold a postgraduate degree?

   g. If so, from what institution and in what field of study?

29. Do you have any medical problems which might affect your ability to hear or see the evidence presented in this case and deliberate and reach a verdict?

30. Where do you live?

31. How long have you lived in your current residence?

## JURORS' EXPERIENCE WITH THE LEGAL SYSTEM

32. Have you ever sued or been sued by anyone in a court of any type? If so:

    a. What type of case was it?

    b. Were you the person suing or the person being sued?

    c. Was the case before a judge or jury?

    d. Who was the other party in the lawsuit?

    e. How did the court/jury rule?

    f. How did the handling of your case make you feel about the judicial process in general?

    g. When did this happen?

33. Have you ever served on a jury or grand jury before? If so:

    a. When?

    b. Where/what court?

    c. What type of case? Criminal? Civil?

    d. Did the jury reach a decision?

    e. What was the result/which party won the case?

    f. How did you feel about the outcome?

    g. How did you feel about the way the lawyers conducted themselves?

    h. Do you believe that anything about that experience might affect the way you will judge the evidence in this case?

34. Do you believe that a case must have merit if it has gotten to trial?

35. Do you have any close friends or relatives who are attorneys? If so:

    a. Who?

  b.  Where does he/she work?

  c.  What is his/her specialty, if any?

36. Have you, or any close friend or relative, at any time been employed by the Equal Employment Opportunity Commission (often referred to as the "EEOC"), the New York State Division of Human Rights, the NYC Commission on Human Rights, or any other human rights organization? If so:

  a.  Who?

  b.  When and by which agency was that person employed?

  c.  In what capacity was that person employed?

37. This case will probably take approximately two weeks to try. Would the mere fact that this trial may be of that duration in any way affect your opinion as to the merits of the case, or affect your willingness and ability to carefully consider the evidence presented on all the issues?

38. Do you already have any feelings in favor of or against the Plaintiff or Verizon or the Communications Workers of America Local 1103 or the Communications Workers of America?

39. Sometimes a natural reaction is to "feel sorry" for a plaintiff in a lawsuit. Would you allow any sympathy you might have for the Plaintiff affect your decision in this case?

40. If you should find that your beliefs about the case differ from those of others on the jury, would you be able to stand up for your own beliefs?

41. Do you know of any reason why you would not be able to listen to the evidence fairly and impartially, and decide the issues strictly on the basis of the evidence you hear in the courtroom, free of all bias and prejudice?

42. Do you have a personal interest, financial or otherwise, in the outcome of this case?

43. Do you know of any other reason, or has anything occurred during this questioning, that makes you doubtful that you would be a completely fair and impartial juror in this case? If so, it is your duty to say so at this time.

44. The functions of the judge and jury are very different. You as jurors – and only you – decide the facts, that is, what happened. The judge– and only the judge – decides the law. The Court will tell you what the applicable law is at the close of the case, and you must follow the Court's instructions and rulings on the law and apply the law to the facts as you find them whether or not you agree with the law, or think it is wise or just or fair. You may not substitute your own idea of what you think the law ought to be. You do not have any choice in that regard. Will you be able to follow the law as the Court states it for you in this case?

### **JURORS' EXPERIENCE WITH DISCRIMINATION CLAIMS**

45. Have you, your friends, or any member of your family ever been involuntarily terminated from a job? What were the circumstances?

46. Have you, or any close friend or relative, ever had any unpleasant experiences with an employer? If yes, please describe.

47. Have you, or any close friend or relative, ever believed that his or her employer treated him or her unfairly or unlawfully? If yes, what made you or your friend or relative feel this way?

48. Do you believe an employer ever treated you differently because of your race or sex? If yes, please describe.

49. Do you believe an employer has ever treated you unfairly based upon a protected characteristic, such as age, color, religion, national origin, or disability? If yes, please describe.

50. Have you ever accused anyone of discriminating against you because of your race, sex, or any other protected characteristic? If yes, please describe. Also, if yes, will that influence the way you review the evidence?

51. Do you believe that any adverse action was ever taken against you by an employer on the basis of your sex, race, or any other protected characteristic? If yes, will that influence the way you review the evidence?

52. Have you, or any of your close friends or relatives, ever believed that you/they had been discriminated against or subjected to unfair treatment by your/their employer? If yes:

    a. On what do you, or they, base the claim of discrimination?

    b. Was a grievance or complaint filed with the employer?

    c. Was a charge filed with any state or local government agency?

    d. Was the complaint/charge resolved favorably to the individual?

    e. Was a lawsuit ever filed in state or federal court? If so:

        1. Did the lawsuit go to trial?

        2. Was the case tried before a jury?

        3. Was the case resolved favorably to the plaintiff?

        4. How did you feel about the judicial process after the lawsuit settled or was determined by the court/jury?

53. Do you think there is widespread discrimination against employees in the workplace? Why do you think that?

54. Do you believe that an employer has the right to terminate an employee for any reason or no reason – so long as no discrimination is involved?

55. Have you, or has any close friend or relative, ever been involved as a party, witness, juror, or attorney in a lawsuit concerning an employment dispute? If yes:

    a. What was the nature of the involvement?

    b. What were the facts of the case?

    c. What was the outcome of the action?

56. Would you be less likely to believe testimony offered by Verizon's witnesses because Verizon is a corporation or because certain witnesses work or have worked for a corporation?

57. Would you be more likely to believe evidence offered by the Plaintiff because she is an individual, or because she is suing her former employer?

58. Can you find in favor of Verizon, even if you do not agree with Verizon's decision to terminate Plaintiff's employment, as long as the decision was not based upon plaintiff's race or sex?

59. Can you find in favor of Verizon, even if you do not like one or more of Verizon's current or former employees?

60. The law provides that the Plaintiff always has what is called the "burden of proof," that is, the Plaintiff ultimately has to convince you that she was discriminated against because of her race and sex. Verizon does not have to prove that it did not discriminate against

the Plaintiff. Do any of you have any difficulty accepting and applying that essential principle of law, whether or not you agree with it?

## **ENTITY/INDIVIDUAL STATUS**

61. One of the defendants is Verizon. As such, it may have greater economic resources than the Plaintiff. The relative economic resources of the Plaintiff and Verizon are of no relevance whatsoever to the issues in this case, and this factor must not be allowed to enter into your decision making. Do you feel that you cannot judge the evidence with complete indifference to the relative size and financial capabilities of the parties?

62. Do you believe that an entity like Verizon would conceal or destroy evidence or lie under oath if it would help their legal position in this or any litigation?

63. Do you feel disposed to grant monetary damages to the Plaintiff – even if she fails to prove her case in accordance with the rules which I will explain to you later – simply because Verizon is an employer?

64. Do you believe that if an employee sues an employer, he or she was probably treated unfairly?

65. Do you feel sympathetic or allied with persons who bring proceedings against companies or employers in the courts or elsewhere?

66. Would you be less likely to believe testimony offered by Verizon's witnesses because Verizon is an employer or because certain witnesses work or have worked for an entity?

67. Would any of you be more likely to believe evidence offered by the Plaintiff because she is an individual, or because she is suing her former employer?

Verizon reserves its right to supplement or amend the above-requested voir dire questions subsequent to the rulings on any motions in limine.


Dated: New York, New York
       January 11, 2008

                              EPSTEIN BECKER & GREEN, P.C.


                              By:   /s/ Carrie Corcoran
                                     Michael A. Kalish
                                     Carrie Corcoran
                              250 Park Avenue
                              New York, New York 10177-1211
                              (212) 351-4500
                              Attorneys for Defendant Verizon Communications